UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD KENNETH WERDELL,

                    Petitioner,

-vs-                                                        Case No.  8:09-cv-1778-T-17TBM

SECRETARY, DEPT. OF CORRECTIONS,

                    Respondent.

_____/

## ORDER

Petitioner Edward Kenneth Werdell petitions for a 28 U.S.C. § 2254 petition for writ of habeas corpus.  Werdell filed a <u>single</u> pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges numerous state court judgments imposed in the Sixth Judicial Circuit, Pinellas County, Florida. The judgments in his nine cases referred to in the instant petition are separate and distinct. Habeas Rule 2 provides that a petitioner who seeks relief from different judgments must file a separate petition covering each separate judgment. See Habeas Rule 2(e).

Discussion

The following is a recap of some, but not all, of Werdell's state court proceedings, which are quite extensive. On October 24, 2003, Werdell pled guilty to nine felonies in five cases, as follows:

• CRC03-02914CFANO - unlicensed residential contracting

- CRC03-09140CFANO - grand theft

- CRC03-10735CFANO - grand theft and unlicensed roofing contracting

- CRC03-12407CFANO - unlicensed residential contracting

- CRC03-13875CFANO - grand theft, unlicensed plumbing contracting, unlicensed roofing contracting

Werdell also admitted violating his probation in two separate cases in which he had previously plead guilty to the following felonies:

- CRC02-07159CFANO – unlicensed electrical contracting

- CRC02-04399CFANO -- two counts of unlicensed residential contracting.

Werdell was adjudicated guilty of the offenses as charged in the respective cases. He was sentenced to an overall prison term of fifteen years.

On May 6, 2004, Werdell pled nolo contendere to five felonies in an additional case, as follows:

- CRC03-18719CFANO - grand theft, unlicensed residential contracting, unlawful plumbing contracting, and unlicensed air conditioning contracting

Adjudicated guilty of the offenses in said case, Werdell was sentenced on each count to five years prison. The sentences ran concurrently with each other and with his earlier sentences.

On August 10, 2004, Werdell pled guilty to three felonies in another case, as follows:

- Case no. CRC03-18738CFANO - grand theft and two counts of unlicensed residential contracting

On August 23, 2004, Werdell, while represented by counsel, filed a pro se petition for writ of habeas corpus in case no. CRC03-18738CFANO. By order rendered August 31, 2004, the application was stricken and dismissed as unauthorized. On September 30,

2

2004, Werdell was sentenced to five years in prison on each count in case no. CRC03-18738CFANO. The sentences ran concurrently with each other and with his other sentences. Werdell did not timely seek direct review of any of his judgments.[1] His plea-based judgments, as well as the order revoking his probation in each of his probation cases, became final 30 days after rendition thereof.

## State Collateral Applications

Werdell filed a pro se motion to correct sentence dated January 9, 2004, under Florida Rule of Criminal Procedure 3.800(a) in seven cases: case nos. CRC03-02914CFANO, CRC03-09140CFANO, CRC03-10735CFANO, CRC03-12407CFANO, CRC03-13875CFANO, CRC02-07159CFANO, and CRC02-04399CFANO. (Resp. Ex. 1, V 1 R 1-10).  In these cases, Werdell also filed a pro se rule 3.850 motion for postconviction relief dated June 22, 2004. (Resp. Ex. 1, V 1 R 11-30) He filed another pro se rule 3.850 motion dated October 6, 2004, in these cases. (Resp. Ex. 1, V 1 R 141-171). A duplicate was filed October 28, 2004. (Resp. Ex. 1, V 3 R 172-202).

In case no. CRC03-18719CFANO, Werdell filed a pro se rule 3.850 motion dated September 15, 2004. (Resp. Ex. 1, V 1 R 36-55) A duplicate was filed October 18, 2004. (Resp. Ex. 1, V 1 R 56-75).

In case no. CRC03-18738CFANO, Werdell filed a pro se motion dated September 23, 2004, to dismiss the charges in the case. (Resp. Ex. 1 V 1 R 88-89). He filed a pro se rule 3.850 motion dated October 28, 2004, in the case. (Resp. Ex. 1, V 2 R 204-218).

---

[1] Werdell filed pro se motions to mitigate his sentence under Florida Rule of 3.800(c) in his cases, with the exception of case no. CRC03-18739CFANO. Each motion was denied.

By one order rendered December 17, 2004, the postconviction court summarily denied Werdell's various applications in his respective cases. (Resp. Ex. 1, V 2 R 221-321). Werdell appealed, and on August 5, 2005, the state district court per curiam affirmed the denial of relief in case no. 2D05-422. (Resp. Ex. 2) *Werdell v. State*, 910 So. 2d 270 (Fla. 2d DCA 2005)[table]. Following denial of rehearing, the mandate issued September 9, 2005. (Resp. Ex. 5).

By then, Werdell had improperly sought review of the per curiam affirmance for which jurisdiction did not lie. On September 9, 2005, the Florida Supreme Court dismissed his improper petition for review. (Resp. Ex. 7) *Werdell v. State*, 912 So. 2d 1219 (Fla. 2005)[table]. Werdell filed another pro se rule 3.800(a) motion dated February 8, 2005, in all nine cases. By order rendered March 22, 2005, the postconviction court dismissed two grounds and denied three grounds. (Resp. Ex. ) Werdell appealed, and on October 21, 2005, the state district court per curiam affirmed in case no. 2D05-1968. *Werdell v. State,* 916 So. 2d 804 (Fla. 2d DCA 2005)[table]. Following denial of rehearing, the mandate issued December 29, 2005.

Werdell filed a pro se petition for belated appeal without a proper certificate. Then he filed a petition with certificate dated . After securing a report from a commissioner with findings of fact, the state district court denied Werdell's petition for belated appeal on May 11, 2006. *Werdell v. State*, 934 So. 2d 465 (Fla. 2d DCA. 2006). Werdell sought further review of the per curiam denial for which jurisdiction did not lie. On July 25, 2006, the Florida Supreme Court dismissed his improper petition for review in case no. SC06-1406. *Werdell v. State*, 937 So. 2d 123 (Fla. 2006)[table].

Werdell continued filing numerous postconviction applications. By order dated

4

January 24, 2007, the postconviction court dismissed then pending motions and barred Werdell from filing further pro se pleadings. Werdell filed a pro se notice of appeal challenging that order in case no. 2D07-944 but voluntarily dismissed the appeal on July 15, 2008. *Werdell v. State*, 985 So. 2d 542 (Fla. App. Dist. 2008)[table].[2]

On December 15, 2008, Werdell filed a pro se "petition for habeas corpus for belated appeal" in case no. 2D08-6158. The petition was dismissed on January 16, 2009. *Werdell v. State*, 1 So. 3d 186 (Fla. 2d DCA 2009).

By then, Werdell on December 29, 2008, had filed a pro se petition for writ of habeas corpus in case no. 2D08-6379. On June 24, 2009, the state district court entered a directive barring his pro se pleadings in state court. *Werdell v. State*, 16 So. 3d 875 (Fla. 2d DCA 2009). The opinion provides, in relevant part:

> Edward Werdell has filed a petition for writ of habeas corpus purporting to challenge various aspects of his judgments and sentences in Pinellas County circuit court cases 02-04399-CF, 02-07159-CF, 03-02914-CF, 03-09410-CF, 03-10735-CF, 03-12407-CF, 03-13875-CF, 03-18719-CF, and 03-18738-CF. In response to the petition and in view of Werdell's numerous filings over the past several years, almost all of which have been frivolous, we issued an order to show cause why this court should not direct the clerk to reject pleadings filed in this court related to the nine circuit court cases unless the filing is submitted by an attorney. Werdell has not filed a substantive response to our order. We therefore deny the petition and direct the clerk to place in an inactive file any notices of appeal or original proceedings filed by Werdell pro se relative to the nine circuit court cases unless the filing is signed by an attorney.
>
> On October 24, 2003, Werdell pleaded guilty to nine felonies in five cases in the circuit court and admitted to violation of probation in two additional cases. The circuit court sentenced him in these cases to an overall

---

[2] On July 12, 2007, the state district court dismissed another appeal in case no. 2D07-943 as duplicative of case no. 2D07-944. *Werdell v. State*, 959 So. 2d 735 (Fla. 2d DCA 2007)[table]. Werdell sought further review, and on July 1, 2008, the Florida Supreme Court denied his application for review in case no. SC07-1489. *Werdell v. State*, 992 So. 2d 821 (Fla. 2008). His unauthorized rehearing motion was stricken.

prison term of fifteen years. On May 6, 2004, Werdell pleaded no contest to five felonies in another case and was sentenced to five years in prison concurrent with his earlier sentences. On August 10, 2004, he pleaded guilty to three felonies in an additional case and was sentenced to five years in prison, concurrent with his other sentences.FN1 Werdell did not file a direct appeal in any of these cases.

> FN1. The nine cases recited in this paragraph are the nine enumerated in the first paragraph of this opinion.

Subsequently, Werdell filed numerous postconviction motions in the circuit court. Most if not all of these were dismissed or denied, and this court affirmed those orders that were appealed.FN2 On June 24, 2007, the circuit court rendered an order barring Werdell from filing any pro se pleadings. Werdell filed a notice of appeal challenging that order in case 2D07-944 but voluntarily dismissed the appeal.

> FN2. *See Werdell v. State*, 945 So.2d 520 (Fla. 2d DCA 2006) (table decision); *Werdell v. State*, 944 So.2d 367 (Fla. 2d DCA 2006) (table decision); *Werdell v. State*, 916 So.2d 804 (Fla. 2d DCA 2005) (table decision); *Werdell v. State*, 910 So.2d 270 (Fla. 2d DCA 2005) (table decision).

Since 2004, Werdell has filed a total of fifty actions in this court relative to one or more of his nine circuit court cases, including the postconviction appeals just mentioned, twenty-four habeas petitions, five petitions for writ of certiorari, four petitions for belated appeal, and several additional appeals and mandamus petitions.

The habeas petitions, the petitions for writ of certiorari, and all but the earliest-filed petition for belated appeal are frivolous. *See Mercade v. State*, 698 So.2d 1313, 1315 (Fla. 2d DCA 1997) ("'A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.'") (quoting *Treat v. State ex rel. Mitton*, 121 Fla. 509, 163 So. 883, 883 (1935)), disapproved of on other grounds by Hall v. State, 752 So.2d 575 (Fla.2000). Almost without exception, Werdell's filings seek relief that cannot be granted with respect to the category of petition filed. The habeas petitions, including the petition filed in the present case, all concern direct-appeal, postconviction, or sentencing issues that were or should have been raised in the circuit court. *See, e.g., Baker v. State*, 878 So.2d 1236, 1245 (Fla.2004) ("The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850."); *Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla.1992) ("Habeas corpus is not

a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal."). Moreover, not only are the habeas petitions frivolous, they are frequent and repetitious, raising the same issues in various combinations.

The petitions for writ of certiorari request a remedy that does not exist in certiorari; as such, there is no " 'prospect whatsoever that [they] can ever succeed.' " *Mercade,* 698 So.2d at 1315 (quoting *Treat,* 163 So. at 883). All five petitions improperly ask this court to review its own determinations (dismissals or denials) in Werdell's habeas filings in this court. *Cf. Haines City Cmty. Dev. v. Heggs*, 658 So.2d 523, 525 (Fla.1995) (noting that certiorari "involves a limited review of the proceedings of an inferior jurisdiction"); *Powell v. Civil Serv. Bd.*, 154 So.2d 917, 919 (Fla. 1st DCA 1963) ("Certiorari is the traditional proceeding by which to obtain review of the orders, judgments and decrees of an inferior tribunal.").

All but the earliest-filed petition for belated appeal are frivolous. The first petition was denied following a commissioner's hearing. The remaining petitions improperly sought the identical relief requested in the first petition and were subsequently denied. See Fla. R. App. P. 9.141(c)(5)(C).

Werdell's frequent frivolous and repetitious filings burden the limited resources of this court, resources that are better reserved for the resolution of genuine disputes. As such, and in the absence of a timely substantive response from Werdell to our order to show cause, we deny the petition for writ of habeas corpus in case 2D08-6379 and direct the clerk of this court to place in an inactive file any notices of appeal and original proceedings filed by Werdell relative to the nine circuit court cases recited in the first paragraph of this opinion unless the filing is signed by a member in good standing of The Florida Bar. *See State v. Spencer*, 751 So.2d 47 (Fla.1999).

Petition for writ of habeas corpus denied.

*Werdell*, 16 So.3d at 876-878. On February 16, 2010, the Florida Supreme Court denied his petition for review in case no. SC09-1532. *Werdell v. State*, 2010 WL 550990 (Fla. 2010). Werdell filed the instant pro se petition for writ of habeas corpus dated August 26, 2009, under 28 U.S.C. § 2254. (Doc. 1).

## DISCUSSION

Since he is seeking relief pursuant to 28 U.S.C. § 2254, the rules governing 28

7

U.S.C. §2254 petitions apply. Under these rules, a single federal habeas petition cannot be filed that challenges convictions in more than one state court case. Rule 2(e) of the Rules Governing 28 U.S.C. § 2254 Petitions. Here, Werdell is attempting to challenge separate state court judgments in nine distinct state court cases. As such, the petition is improper. For example, in ground one of the instant petition, Werdell claims his privately retained counsel, as court appointed counsel, rendered ineffective assistance by not taking an appeal on his behalf on any of his nine cases. (Doc. 1 at 6) Thus, his claim represents a challenge to each of his judgments in his nine cases. For exhaustion, he refers, in conclusory fashion, to a rule 3.850 motion denied on January 24, 2007. He does not identify the particular motion. The postconviction court in an order dated January 24, 2007, dismissed a number of Werdell's postconviction motions filed under all nine cases and barred Werdell from filing further pro se pleadings. Werdell filed a pro se notice of appeal challenging that order in case no. 2D07-944 but voluntarily dismissed the collateral appeal on July 15, 2008. *Werdell v. State*, 985 So. 2d 542 (Fla. 2d DCA 2008)[table].

At any rate, from the procedural history, as well as his allegations, it is apparent Werdell's petition represents an attack on all of his cases. However, Werdell's state court judgments are separate and distinct. Moreover, they were not all imposed on the same date, and thus, his commencement date for his AEDPA limitations period for challenging each is not one start date. Werdell cannot challenge multiple convictions in a single petition for writ of habeas corpus under 28 U.S.C. § 2254 unless the state court rendered one judgment.

Although it is evident Werdell has filed a single petition challenging every one of his judgments, it is not so clear that Werdell intends to attack every judgment in each and

every ground. For instance in ground seven, he claims his cases were consolidated for sentencing. (Doc. 1 at 14) However, as shown in the procedural history above, not all of his nine cases were sentenced on the same date. If he wishes to attack every one of his state court judgments in a 28 U.S.C. § 2254 petition, Werdell must challenge each in separately filed habeas petitions, each accompanied by the appropriate filing fee. Rule 2(e), Rules Governing Section 2254 Cases.

WERDELL'S  REPLY TO THE RESPONSE

The Court does not find Werdell's arguments in his reply persuasive because, as in his petition, he "lumps" together happenings from several different cases.

Accordingly, the Court orders:

That Werdell's petition is denied.  The Clerk is directed to enter judgment against Werdell and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 13, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Edward Werdell